IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MAGNESS OIL COMPANY; BENNY W.
MAGNESS; JANIE A. MAGNESS; and
JEFFREY MAGNESS                                                                                               PLAINTIFFS

v.                                             Case No. 3:11-CV-03104

PIEDMONT FIELDS, LLC; THE GOODWIN
LAW FIRM, PLLC; DANIEL R. GOODWIN;
USA GLOBAL HOLDINGS BUSINESS TRUST;
and SIDNEY A. TARRANT                                                                                        DEFENDANTS

**ORDER**

The Court, having reviewed the filings in this case, now raises *sua sponte*, the issue of whether this Court has subject matter jurisdiction over the instant matter.[1]  Subject matter jurisdiction and the issue of this Court's authority to hear this action may be raised at any time. Fed. R. Civ. P. 12(h)(3).

This case was removed by Defendants Daniel R. Goodwin and The Goodwin Law Firm, PPLC (collectively "the Goodwin Defendants") on November 1, 2011.  At the time of the removal, the removing defendants were the only defendants who had been served.[2]  Pertinent to the Court's instant inquiry, the Goodwin Defendants allege in their Notice of Removal that Defendant Piedmont Fields, LLC ("Piedmont") is a Limited Liability Company whose principal place of business is in

---

[1] The Court recognizes that Plaintiffs have raised the issue of jurisdiction through a Motion to Remand (Doc. 5), which is currently pending before this Court.  The issue raised by the Court herein, however, has not been addressed by the parties.  The Court raises this issue before addressing the Motion to Remand as the issue raised herein is more fundamental to the existence of federal jurisdiction than those issues raised by Plaintiffs through their Motion.

[2] There, apparently, remains some question as to whether Defendant Sidney Tarrant had been properly served prior to removal, but Plaintiffs seem to concede in subsequent filings that Defendant Tarrant has yet to be served.

Macon, Georgia. (Doc. 1, para. 15). Plaintiffs likewise assert in their state court Complaint that Piedmont is an LLC with its principal place of business in Macon, Georgia. (Doc. 2, para. 5). Defendant Piedmont was recently served and filed its Answer on February 13, 2012, admitting Plaintiffs' assertion as to its status as an LLC with its principal place of business in Georgia. (Doc. 16, para. 1).

Regardless of the parties' agreement regarding this assertion, the parties cannot waive lack of subject matter jurisdiction by consent. Rather, the Court has an affirmative duty to ensure that any claims before it are within its subject matter jurisdiction. *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986); *see also Strange v. Arkansas-Oklahoma Gas Corp.*, 534 F. Supp. 138, 139 (W.D. Ark. 1981) (noting court's "obligation and duty to carefully consider the pleadings...to determine whether subject matter jurisdiction exists"). The Goodwin Defendants failed to adequately allege Piedmont's citizenship in their Notice of Removal. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The Goodwin Defendants have not made any assertion regarding the citizenship of Piedmont's members. The Court cannot discern, from the Notice of Removal or any other pleadings in this case, the actual citizenship of Defendant Piedmont for diversity purposes. It is certainly not outside the realm of possibility that any of Piedmont's members may be citizens of Arkansas, in which case diversity in this action would be defeated and this Court would not have jurisdiction.

As the party invoking the Court's jurisdiction, it is Defendants' burden to plead the existence of diversity jurisdiction. *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Parties seeking to invoke federal jurisdiction have long assumed the burden of investigating the citizenship of the parties involved. *Id.* Defendants' burden of pleading requires them to plead "with specificity the

citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). The Court therefore directs Defendants to file an Affidavit or other document on record with this Court correctly asserting and definitively establishing the citizenship of Defendant Piedmont <u>at the time of removal</u>. Defendants are directed to file such documentation on or before <u>Monday, February 27, 2012</u>.

  IT IS SO ORDERED this 15th day of February, 2012.


             /s/ P. K. Holmes, III
             P.K. HOLMES, III
             CHIEF U.S. DISTRICT JUDGE