IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MAGNESS OIL COMPANY; BENNY W.
MAGNESS; JANIE A. MAGNESS; and
JEFFREY MAGNESS                                                                                      PLAINTIFFS

v.                                            Case No. 3:11-CV-03104

PIEDMONT FIELDS, LLC; THE GOODWIN
LAW FIRM, PLLC; DANIEL R. GOODWIN;
USA GLOBAL HOLDINGS BUSINESS TRUST;
and SIDNEY A. TARRANT                                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendants Daniel R. Goodwin and The Goodwin Law Firm, PLLC's (collectively "Goodwin") Motion to Dismiss or in the alternative to Transfer Venue (Doc. 3), Plaintiffs Magness Oil Company, Benny W. Magness, Janie A. Magness, and Jeffrey Magness' (collectively "Magness") Motion to Remand (Doc. 5), Magness' original Motion for Default Judgment as to Defendants Sidney Tarrant and USA Global Business Trust ("USAG") (Doc. 24) and Magness' Supplemental Motion for Default Judgment (Doc. 31). Also before the Court are the various response and reply briefs submitted by Goodwin and Magness as to the Motion to Dismiss and the Motion to Remand. For the reasons set forth below, the Court finds that Magness' Motion to Remand should be GRANTED. Because the Court finds that this matter should be remanded to the Circuit Court of Baxter County, the Court finds the remaining pending motions should be dismissed as moot.

**I. Background**

Magness originally filed its Complaint on September 23, 2011 in the Circuit Court of Baxter

County, Arkansas. The Complaint alleges that Magness and Defendant Piedmont Fields, LLC ("Piedmont") entered into a Purchase and Sale Agreement ("Purchase Agreement") for the sale of real property located in Baxter County Arkansas "and other locations." (Doc. 2, para. 16). The Complaint further alleges that, pursuant to the terms of the Purchase Agreement, Piedmont wired $500,000 in earnest money to "The Goodwin Law Firm, PLLC, Legal Trust Account." *Id*. at para. 18. Magness alleges that Dan Goodwin, as principal of The Goodwin Law Firm, transferred the earnest money funds to USAG pursuant to an Escrow Hypothecation Agreement instead of transferring the funds to USAG c/o Citibank as earnest money pursuant to the Purchase Agreement. *Id*. at para. 20. The Purchase Agreement provides that "[i]n order to secure the performance of PURCHASER . . . PURCHASER has delivered to Escrow Agent, USA GLOBAL HOLDINGS BUSINESS TRUST C/O CITIBANK, an earnest money deposit . . . in the amount of FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($500,000.00) . . . and such funds shall be applied towards the Purchase Price at Closing." (Doc. 6-1, p. 3).[1] The Purchase Agreement later provides that, if the purchase and sale is not closed due to a failure of the Purchaser (Piedmont) to perform its obligations, "then the Earnest Money, plus the interest accrued thereon, shall be disbursed to SELLER." *Id.* at p. 14. Magness alleges that Piedmont defaulted in the performance of

---

[1] The Court notes that the Purchase Agreement was not made a part of the record until Magness attached it as an exhibit to its Response to Goodwin's Motion to Dismiss. The Complaint, however, refers to the Purchase Agreement as being attached as Exhibit "A". (Doc. 2, para. 16). The Court cannot discern whether Goodwin neglected to include the attachments to the Complaint when removing this case or what the reason may be for the exhibits to the state-court Complaint not initially being made a part of the record in this removed case. In any event, Magness has made the Contract a part of the record, and the Court may consider it as Magness relied on it in bringing its claims. *See Moses.com Sec., Inc. v. Comprehensive Software Sys.*, 406 F.3d 1052, 1066 at n.3 (8th Cir. 2005) (finding that consideration of a document which was not expressly a part of the pleadings was appropriate where the complaint specifically referred to the document as a basis for an alleged claim).

its obligation; that Magness complied with the requirements of the Purchase Agreement; and that, in accordance with the Purchase Agreement, the $500,000 earnest money[2] paid by Piedmont should be disbursed to Magness.

Magness brings a claim for breach of fiduciary duty against Goodwin, alleging that Magness was a third party beneficiary to the transaction wherein Piedmont wired the earnest money to Goodwin and that Goodwin breached its duty to Magness by transferring the money pursuant to the Escrow Deposit Presentation Hypothecation Agreement instead of as earnest money pursuant to the Purchase Agreement. Pleading alternatively, Magness brings a claim for breach of contract against Piedmont alleging that Piedmont failed to deliver the earnest money to USAG c/o Citibank pursuant to the terms of the Purchase Agreement. Pleading alternatively, Magness brings a claim for breach of fiduciary duty against USAG as escrow agent under the Purchase Agreement, alleging that USAG breached its duty to hold the earnest money pursuant to the terms of the Purchase Agreement by transferring the money to Swiss Global Connect, USA, Inc.  Magness further alleges that Defendant Tarrant unconditionally guaranteed the payment of the earnest money to Magness in consideration of forbearance of suit by Magness on the earnest money for 90 days; that those 90 days elapsed; and that Tarrant now owes Magness $500,000 plus interest. Finally, pleading alternatively, Magness brings a claim for conversion against all defendants for wrongfully converting the earnest money to their own use and benefit.

This case was removed by Goodwin on November 1, 2011.  At the time of the removal, the

---

[2] The pleadings refer to the $500,000 wired by Piedmont alternately as "earnest money" and "escrow money." Because the language of the Purchase Agreement at issue in this matter provided for the payment of $500,000 "earnest money" (albeit delivered to the "escrow agent"), the Court will consistently refer to the $500,000 as "earnest money."

removing defendants were the only defendants who had been served.[3] On the same day the notice of removal was filed, Goodwin also filed a Motion to Dismiss (Doc. 3), primarily asserting a lack of personal jurisdiction, which remains pending. Magness filed its Motion to Remand on November 9, 2011, arguing that the Purchase Agreement between Magness and Defendant Piedmont Fields, LLC ("Piedmont") contains a forum selection clause mandating that "[a]ny action shall be adjudicated in the Circuit Court of Baxter County, Arkansas." (Doc. 6-1, p. 15, para. 18(c)).  The claims asserted by Magness in its Complaint all pertain to Piedmont's payment of $500,000 earnest money pursuant to the terms of the Purchase Agreement between Magness and Piedmont, including a claim by Magness against Piedmont for breach of the Purchase Agreement. The Court finds, as a preliminary matter, that Magness' claims in this action - and particularly Magness' claim against Piedmont - are covered by the forum selection clause contained in the Purchase Agreement, mandating that "[a]ny action" be adjudicated in the Circuit Court of Baxter County.

In subsequent filings, the parties, while referring to the pending motion to remand, did not present the Court with much analysis as to whether or not remand of this matter is appropriate based on a mandatory forum selection clause in an agreement to which only one co-defendant was a party. The parties focused, instead, on the personal jurisdiction issue raised by Goodwin's Motion to Dismiss. "[C]ertain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared with the issue of subject-matter jurisdiction." *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 764 (8th Cir. 2001). "[I]t is hardly novel for a federal court to choose among threshold grounds for

---

[3] There was some question as to whether Tarrant had been properly served prior to removal, but Plaintiffs seem to concede in subsequent filings that Tarrant had yet to be properly served.

denying audience to a case on the merits." *Id.* (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). In this case, the threshold issue of personal jurisdiction, as presented by the parties, does not appear to the Court to be simple when compared with the threshold remand issue presented by Magness' Motion to Remand. Furthermore, without making a finding on the issue, the Court believes it likely that personal jurisdiction could be exercised over Goodwin in this case. However, because the Court finds, as set forth below, that this matter should be remanded, the Court declines to analyze whether it may have been able to exercise personal jurisdiction over Goodwin.

## II. Discussion

Generally, "federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by congress." *Aldinger v. Howard*, 427 U.S. 1, 15, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). Federal courts must strictly construe the federal removal statute, and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Magness argues that remand of this case is appropriate based on a forum selection clause contained in the Purchase Agreement entered into between Magness and Piedmont. Goodwin and Defendants USAG and Sidney Tarrant, while connected to the negotiations surrounding the Purchase Agreement, were not parties to the Purchase Agreement itself. The Court must decide, then, first whether Piedmont waived its right to removal through the forum selection clause. If Piedmont did waive its right to removal, the Court must next decide whether Piedmont's waiver can prevent removal of the matter by its co-defendant, Goodwin.

### A. Waiver of Right to Remove

"[F]orum selection clauses are prima facie valid and are enforced unless they are unjust or

unreasonable or invalid." *Servewell Plumbing, LLC v. Fed. Ins. Co.,* 439 F.3d 786, 789 (8th Cir. 2006). Defendants in the instant matter do not argue that the forum selection clause in the Purchase Agreement is unjust, unreasonable, or invalid, only that it should not be enforced to prevent removal of this case. To the extent Goodwin argues that enforcement of the forum selection clause would be unjust or unreasonable due to Arkansas' alleged lack of personal jurisdiction over Goodwin, such argument is rejected. "[I]nconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.,* 183 F.3d 750, 753 (8th Cir. 1999). While not reaching the merits of the personal jurisdiction issue presented by Goodwin, any inconvenience that Goodwin may experience by having to litigate the instant matter in state court in Arkansas is insufficient to render the forum selection clause of the Purchase Agreement unenforceable.[4] While the Court believes that Goodwin likely had sufficient minimum contacts to establish specific personal jurisdiction in this case, should Goodwin find it appropriate and desirable to raise his personal jurisdiction argument upon remand, the state court can make a ruling on that issue at that time. In terms of enforceability of the forum selection clause, the Court cannot find that any inconvenience to Goodwin, in having to raise that issue in state court, should

---

[4] The Court believes this finding is in line with the precedent set forth in *Servewell*, in which the Eighth Circuit addressed an argument that a forum selection clause was unreasonable or unjust due to a lack of personal jurisdiction over a party. 439 F.3d at 789-790. The party's arguments in that case, however, were deemed to be "wholly without merit" as the party claiming lack of personal jurisdiction was the plaintiff. *Id.* The Eighth Circuit made no finding that lack of personal jurisdiction over a defendant could invalidate an otherwise enforceable forum selection clause. *Id.* Because the Court, in its discretion, chooses not to reach the merits of the personal jurisdiction issue, and because Goodwin has not specifically argued lack of personal jurisdiction as a ground to render the forum selection clause unenforceable, the Court finds Goodwin's arguments concerning personal jurisdiction in this case are akin to an argument of inconvenience, which the Eighth Circuit has definitively stated is insufficient to defeat an otherwise enforceable forum selection clause. *Id.* at 790; *see also M.B. Restaurants,* 183 F.3d at 753.

defeat the validity of the forum selection clause in the Purchase Agreement.

A forum selection clause can act as a waiver of a defendant's right to remove an action to federal court. *See iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081 (8th Cir. 2005) (finding that a "contract's forum selection clause unambiguously prohibited [Defendant] from objecting to venue by removing the case to federal court"). However, "[w]aiver of the right to remove must be clear and unequivocal." *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) (internal citation omitted). Although the specific contractual language at issue in *Weltman* was not set forth in the opinion, district courts have construed *Weltman* to state that "a simple agreement that venue is proper in a particular court or jurisdiction is not a 'clear and unequivocal' waiver of the right to remove." *See, e.g., Mihlfeld & Assocs. v. Glock, Inc.*, 2005 U.S. Dist. LEXIS 33485 at *4 (W.D. Mo. April 27, 2005). A forum selection clause need not, however, specifically mention removal in order for a waiver to be effected. *See, e.g., iNet Directories*, 394 F.3d 1081. This case presents a close call, as it falls in a middle ground between a simple agreement that venue is proper in the Circuit Court of Baxter County and explicitly stating that a party waived the right to object to the laying of venue in the Circuit Court of Baxter County.  Here, the forum selection clause simply states, using the mandatory "shall," that "[a]ny action shall be adjudicated in the Circuit Court of Baxter County, Arkansas." (Doc. 6-1, p. 15, para. 18(c)).

The Court finds that the clause at issue in this case clearly and unequivocally demonstrates, by use of the mandatory "shall," that the parties agree, not just that venue is proper in the Circuit Court of Baxter County, but that actions shall be adjudicated in the Circuit Court of Baxter County. The Court has been unable to find Eighth Circuit precedent addressing forum selection clauses which fall into this particular middle ground between *Weltman* and *iNet Directories*. However, it appears

to the Court that, in deciding *iNet Directories* subsequent to *Weltman*, the Eighth Circuit evinced a tendency to depart from the strict requirements of *Weltman* in favor of enforcing forum selection clauses. Without the benefit of the specific language used by the parties in *Weltman*, the Court finds that the language used in the instant forum selection clause goes beyond that used in *Weltman* in mandating a specific forum.  The Court finds that such language is sufficient to demonstrate the "clear and unequivocal" intent of the parties to adjudicate actions arising under the Purchase Agreement in the Circuit Court of Baxter County, Arkansas, such that Piedmont waived its right to remove - or consent to removal of - the instant action.  While the forum selection clause at issue here does not contain phrasing relating to a waiver of the right to object to an alternate forum, such a requirement would seem to be redundant in the face of the parties' inclusion of the mandatory "shall" along with designation of a specific, state court forum, especially given that any ambiguities about federal jurisdiction are to be resolved in favor of remand. *Transit Casualty Co.*, 119 F.3d at 625. While such additional phrasing may be desirable in certain cases involving an unsophisticated contracting party, both Magness and Piedmont are business entities that appear to be sophisticated parties capable of understanding the consequences of selecting a specific forum for adjudication of their disputes. The Court finds, therefore, that Piedmont waived its right to consent to removal of the instant action.

### B. Unanimity Requirement for Removal

"Removal is authorized by 28 U.S.C. § 1441 and governed by 28 U.S.C. § 1446.[5] Where

---

[5] Congress recently amended 28 U.S.C. §§ 1441 and 1446 on December 7, 2011. The instant action was commenced in state court with the filing of Magness' Complaint in September 2011. Ark. R. Civ. P. 3(a). Because the amendments did not take effect until the after the commencement of this action, the amendments do not apply to this action. *See* Pub. L. No. 112-63 § 105, 125 Stat. at 762.

there are multiple defendants, all must join in a notice to remove within thirty days of service." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927 at *6 (8th Cir. 2012). At the time of removal, only Goodwin had been properly served. At this point in the litigation, it appears that all defendants have been served. Defendants Tarrant and USAG, however, have failed to appear in this matter, and the Clerk has filed an entry of default as to both Tarrant and USAG.[6] Piedmont has filed an Answer (Doc. 16) in which it admits that the Purchase Agreement included the forum selection clause, but states that Piedmont nevertheless "asserts its right to have this action be heard in Federal Court." (Doc. 16, para. 4). Piedmont, therefore, consented to removal after having been served. However, as already set forth, such consent is invalid as Piedmont waived its right to remove this action by agreeing to adjudicate actions arising out of the Purchase Agreement in the Circuit Court of Baxter County.

It does not appear that the Eighth Circuit has specifically addressed the issue presented to the Court by this case - whether waiver of the right to remove by one defendant can defeat an attempt at removal by a co-defendant. The Court, however, is persuaded by other district courts who have reasoned that remand is necessary because the forum selection clause contractually prevents Piedmont from validly consenting to removal of this case. *See e.g., Graham Constr. Servs. v. Adventure Divers, Inc.,* 2012 U.S. Dist. LEXIS 65258 at 12-13 (D. Minn. Mar. 27, 2012) (citing *City of Carmel, Ind. v. Steel Supply & Eng'g Co.,* 2011 U.S. Dist. LEXIS 124180 (S.D. Ind. Oct. 26,

---

[6] The Court notes that it does not appear that the defaulting defendants have consented to removal, which could be an independent basis for remand. *See, e.g., Alanis v. Wells Fargo Natl. Assn.*, 2012 U.S. Dist. LEXIS 4193 (W.D. Tex. Jan. 12, 2012)(conducting a review of relevant case law and finding that, because defaulting defendant failed to consent to removal, removal was procedurally defective). However, as the Court has determined that remand is warranted based on Piedmont's waiver of the right to removal, the Court declines to further analyze or investigate this potential, independent basis for remand.

2011) (finding non-removing defendant was bound by a forum selection clause and therefore waived its right to consent to removal)). "[Piedmont] is bound by the forum selection clause and therefore it cannot consent to a removal." *Id.* "Thus, because *all* defendants cannot consent to removal, the firmly established unanimity requirement for removal is not met" *B & S Equipment Co., Inc. v. Chaba Disaster Recovery, LLC*, 2012 U.S. Dist. LEXIS 53605 at *7 (E.D. La. April 16, 2012) (citing *Insight Holding Group, LLC v. Sitnasuak Native Corp.,* 685 F.Supp. 2d 582 (E.D. Va. 2010)) (emphasis in original). In other words, because Piedmont cannot validly consent to removal in this case, having already agreed to adjudicate matters pertaining to the Purchase Agreement in the Circuit Court of Baxter County, there can be no unanimity of consent to removal, and the matter must be remanded.

### III. Conclusion

For all of the reasons set forth above, the Court finds that Piedmont has waived its right to remove the instant matter and, therefore, cannot validly consent to removal. As such, there is no unanimity of consent as required by 28 U.S.C. § 1446, and this case must be remanded.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (Doc. 5) is GRANTED. This case shall be remanded forthwith to the Circuit Court of Baxter County, Arkansas.

IT IS FURTHER ORDERED that all other motions which remain pending in this action are DENIED AS MOOT.

IT IS SO ORDERED this 23rd day of May, 2012.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE